J-S29012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :           PENNSYLVANIA
      :
v.       :
      :
      :
GEORGE VARGO       :
      :
      Appellant       :   No. 1142 WDA 2024

Appeal from the PCRA Order Entered August 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012396-1992

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :           PENNSYLVANIA
      :
v.       :
      :
      :
GEORGE PATRICK VARGO       :
      :
      Appellant       :   No. 1143 WDA 2024

Appeal from the PCRA Order Entered August 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012330-1992

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:       **FILED: November 24, 2025**

Appellant George Patrick Vargo appeals from the order dismissing his serial untimely Post-Conviction Relief Act[1] (PCRA) petition. Appellant argues that the PCRA court erred by dismissing his PCRA petition without a hearing. After review, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The underlying facts of the case are well known to the parties. Briefly, Appellant was convicted of first-degree murder, aggravated assault, and carrying a firearm without a license after a jury trial in July of 1993. **See** PCRA Ct. Op., 12/16/24, at 1; Appellant's Brief at 6. The trial court sentenced Appellant to a term of life incarceration for first-degree murder as well as consecutive terms of ten to twenty years' incarceration for aggravated assault and two and a half to five years' incarceration for carrying a firearm without a license. Accordingly, the trial court sentenced Appellant to an aggregate sentence of life plus twelve and a half to twenty-five years' incarceration. Appellant filed a direct appeal, and a previous panel of this Court affirmed Appellant's judgment of sentence on July 3, 1995. **See Commonwealth v. Vargo**, 621 PGH 1994, 667 A.2d 425 (Pa. Super. filed July 3, 1995) (unpublished mem.). Our Supreme Court denied Appellant's petition for allowance of appeal on March 20, 1996. **See Commonwealth v. Vargo**, 549 W.D.ALLOC. 1995, 674 A.2d 1071 (Pa. 1996).

On March 19, 1997, Appellant filed his first PCRA petition, which the PCRA court denied on February 28, 2002. A previous panel of this Court affirmed the order denying Appellant's first PCRA petition on January 16, 2004, and our Supreme Court denied his petition for allowance of appeal on July 1, 2004. **See Commonwealth v. Vargo**, 606 WDA 2002, 847 A.2d 762 (Pa. Super. filed Jan. 16, 2004) (unpublished mem.), *appeal denied*, 96 WAL 2004, 853 A.2d 361 (Pa. 2004).

On April 26, 2022, Appellant filed a *pro se* PCRA petition. Thereafter, Appellant filed several motions including a motion seeking leave to amend, motions to proceed *pro se*, and motions for the appointment of counsel.[2] Appellant also filed an amended *pro se* PCRA petition on July 26, 2022. On November 8, 2022, the PCRA court denied Appellant's motions for the appointment of counsel, ordered that Appellant proceed *pro se*, and denied Appellant's motions seeking to proceed *pro se* as moot. However, on January 17, 2023, the PCRA court appointed Justin Okun, Esq., Lisle Weaver, Esq., and the law offices of Farrell, Weaver, and Okun to represent Appellant in the litigation of his second PCRA petition.

On April 17, 2024, Attorney Weaver filed an amended PCRA petition on behalf of Appellant.[3] On June 27, 2024, the PCRA court issued a Pa.R.Crim.P.

---

[2] Generally, a PCRA petitioner is not entitled to counsel for a second or subsequent PCRA petition. **See Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa. Super. 2002).

[3] When counsel files an amended PCRA petition, any issue previously raised in the *pro se* petition that is not included in the counseled amended petition is waived. **See Commonwealth v. Tedford**, 960 A.2d 1, 10 n.4 (Pa. 2008) (stating "a criminal defendant currently represented by counsel is not entitled to 'hybrid representation'—*i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims" (citations omitted)); **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) (explaining that "the PCRA court is only permitted to address issues raised in a counseled petition" (citations omitted)); **see also Commonwealth v. Haines**, 200 MDA 2023, 2023 WL 9016467, at *3 (Pa. Super. filed Dec. 28, 2023) (unpublished mem.) (finding waiver where a PCRA petitioner did not include claims in his counseled amended PCRA petitions). **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

907 notice of intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. The PCRA court dismissed Appellant's second PCRA petition on August 12, 2024.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether the [PCRA] court erred and/or abused its discretion by failing to grant Appellant a new trial based upon the after-discovered evidence that Detective Dennis Logan had a pattern [or] practice [of] intimidat[ing] witnesses and coerc[ing] false statement[s]?

2. Whether the [PCRA] court erred and/or abused its discretion by failing to conduct an evidentiary hearing in order to determine a factual dispute regarding the after-discovered evidence and its bearing on Appellant's trial[?]

Appellant's Brief at 5.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

- 4 -

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17 (citation omitted).

Here, Appellant's instant petition is facially untimely, as it was filed more than twenty-five years after his judgment of sentence became final in 1996. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was required to prove an exception to the PCRA time-bar. *See Jones*, 54 A.3d at 16.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Further, it is well settled that "the newly discovered facts exception to the jurisdictional time-bar is distinct from an after-discovered evidence claim, which is a substantive basis for relief pursuant to 42 Pa.C.S.[] § 9543(a)(2)([vi])[.]" *Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024) (some formatting altered); 42 Pa.C.S. § 9543(a)(2)(vi) (providing that to be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, that the conviction or sentence resulted from

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

"[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."). "Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim." **Commonwealth v. Reeves**, 296 A.3d 1228, 1232 (Pa. Super. 2023); **see also Commonwealth v. Burton**, 158 A.3d 618, 627-29 (Pa. 2017) (explaining that the after-discovered evidence grounds for PCRA relief and the newly discovered facts exception to the PCRA's time-bar are separate and distinct).

Additionally, "[i]t is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (some formatting altered). The plain language of the PCRA requires that the newly discovered facts were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." **Id.** (citation omitted). A petitioner must explain why he could not

- 7 -

have learned these "new facts" earlier with the exercise of due diligence. **_Id._** Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. **_Commonwealth v. Small_**, 238 A.3d 1267, 1286 (Pa. 2020).

Here, although Appellant frames his argument as an after-discovered evidence claim, it appears that he is attempting to raise the newly discovered fact exception to the PCRA time bar. **_See_** Appellant's Brief at 10, 17-18. Specifically, Appellant argues that his petition was timely based upon his discovery of a federal civil lawsuit in which Detective Dennis Logan was found to have engaged in a pattern and practice of witness intimidation and coercion. **_See_** Counseled Amended Second Pet., 4/17/24, at 4; **_see also_** Appellant's Brief at 10. Appellant also claims that he could not have discovered this lawsuit through the exercise of due diligence. **_See_** Counseled Amended Second Pet., 4/17/24, at 4; **_see also_** Appellant's Brief at 16-18. Appellant contends that Detective Logan coerced witness Lisa Dunlap[5] into providing a false statement, which prevented Appellant from eliciting alibi testimony from Ms. Dunlap that would have been exculpatory. **_See_** Appellant's Brief at 12-14.

The PCRA court addressed the timeliness of Appellant's petition as follows:

---

[5] Ms. Dunlap's name is spelled various ways throughout the record. We rely on the spelling as it appears in the notes of testimony at Appellant's trial. **_See_** N.T., 6/28/93, at 302.

- 8 -

In the instant PCRA petition, [Appellant] claims that his petition is timely because of newly discovered [facts]. The newly discovered [facts], he asserts, is information that Dennis Logan, one of the detectives who originally investigated his case, engaged in a pattern of witness intimidation and coercion of witness statements. The record reveals, however, that the instant petition was not filed within 60 days of the date that he could have presented these claims of newly discovered [facts].

The evidence attached to petitioner's PCRA petition reveals that Detective Logan had been sued in federal court on May 1, 2000 alleging he had engaged in improper interrogation of Clyde Manns during an investigation wholly unrelated to the instant case. A judgment was entered against Detective Logan on June 28, 2002. The instant . . . PCRA petition was filed over 20 years after that lawsuit was commenced and decided. Petitioner does not identify when he learned of the lawsuit and he fails to explain why he could not have learned of the lawsuit earlier with the exercise of due diligence. This court, therefore, believes that the instant PCRA petition was untimely. Because the instant PCRA petition was untimely, this Court was without jurisdiction to entertain the merits of the petition and the order denying it should be affirmed.

PCRA Ct. Op., 12/16/24, at 6 (some formatting altered).

After review, we agree with the PCRA court's conclusion that Appellant's petition is untimely and that Appellant failed to meet a timeliness exception to the PCRA time bar. **See Sandusky**, 203 A.3d at 1043. Despite attaching a June 2002 newspaper article regarding the lawsuit against Detective Logan, Appellant did not specify the date on which he discovered the lawsuit and baldly asserts that he could not have ascertained it through the exercise of due diligence.[6] **See** Counseled Amended Second Pet., 4/17/24, at 4; **see**

---

[6] As we previously stated above, issues raised in a *pro se* petition that are omitted from an amended counseled petition are waived. **See Tedford**, 960 A.2d at 10 n.4; **Markowitz**, 32 A.3d at 713 n.5; **Haines**, 2023 WL 9016467, *(Footnote Continued Next Page)*

*also* Appellant's Brief at 16-18.[7]  Accordingly, Appellant has failed to satisfy

his burden of proving that the newly discovered fact exception applies.  ***See***

***Albrecht***, 994 A.2d at 1094; 42 Pa.C.S. § 9545(b)(2); ***Brown***, 111 A.3d at

176.  Since Appellant's PCRA petition is facially untimely and he has failed to

satisfy an exception to the PCRA's time-bar, courts do not have jurisdiction to

address his underlying claim.  ***See Cox***, 146 A.3d at 227.  Because we

conclude that the PCRA court properly determined that Appellant's PCRA

_____

at *3.  However, we note that in Appellant's *Pro Se* petition he asserts that he learned about the lawsuit against Detective Logan in December of 2021, which was approximately five months before he filed his second PCRA petition.  ***See*** *Pro Se* Second Petition, 7/26/22, at 23.  However, in that petition, Appellant also stated that he discovered the alleged coercion of Lisa Dunlap by Detective Logan after she was interviewed in 1999 by a private investigator Appellant hired.  ***See id.*** at 14-17, 19.  Appellant states that, despite knowing this information and subpoenaing Ms. Dunlap to testify at the evidentiary hearing during the litigation of his first PCRA, he elected not to proceed with the claim because he worried about her fear of retaliation by Detective Logan.  ***See id.*** at 16-17.  Accordingly, even if Appellant's *pro se* arguments were properly before us, we would conclude that Appellant's petition was untimely.  ***See*** ***Maxwell***, 232 A.3d at 745 (explaining that the newly discovered fact exception is focused on the newly discovered fact and not a newly discovered or newly willing sources that corroborate previously known facts).

[7] Appellant cites ***Commonwealth v. Small***, 238 A.3d 1267, 1285-86 (Pa. 2020) for the proposition that "our Supreme Court disavowed the public record presumption when analyzing whether or not the facts were unknown to the petitioner and if they could have been ascertained by exercising due diligence."  Counseled Amended Second Pet., 4/17/24, at 4; ***see also*** Appellant' Brief at 16-18.  However, as this Court has previously stated, "although ***Small*** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated" and "although the public record presumption no longer applies, this does not mean that Appellant prevails." ***See Commonwealth v. Myers***, 303 A.3d 118, 123 (Pa. Super. 2023) (citations omitted and some formatting altered).

petition was untimely and that it did not have jurisdiction to address the merits of Appellant's claims, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) (stating that where a PCRA court properly determines that it lacks jurisdiction to reach the merits of a PCRA petition, the PCRA court does not err by denying the petition without a hearing). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/24/2025